UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOREEN RAIMONDI,

                      Plaintiff,

v.                                                    Civil Case No.: 20-cv-06566 (FPG) (MWP)

AVAYA INC., MATTHEW LEVESQUE and
DAN PLUNKETT in their individual and
professional capacities,

                      Defendants.

---

## SUPPLEMENTAL DECLARATION OF GLEN P. DOHERTY

      I, GLEN P. DOHERTY, ESQ., an attorney duly licensed to practice law before this Court, declare under penalty of perjury that the following is true and correct:

      1.      I am a partner of the law firm of Hodgson Russ LLP, attorneys for Defendants Avaya, Inc. ("Avaya"), Matthew Levesque ("Levesque") and Dan Plunkett ("Plunkett"). As such, I am fully familiar with the facts and circumstances recited herein.

      2.      I respectfully submit this Supplemental Declaration in further support of Defendants' Motion for Summary Judgment, which seeks dismissal of all claims, and in reply to those papers that have been submitted by Plaintiff in opposition to such relief.

      3.      The evidence upon Defendants' Motion is based is annexed hereto, and as set forth in my Declaration (executed on March 28, 2022 [with Exhibits]), and the Affidavit of Plunkett.

4. The evidentiary support of Defendants' motion consists primarily of deposition transcripts and documents marked and identified at deposition, and such exhibits are annexed to my March 28, 2022 Declaration.

5. The evidentiary support of this motion also includes Plaintiff's Initial Disclosures and First Supplemental Initial Disclosures.

> **Exhibit 39:** Plaintiff's Rule 26(a) Initial Disclosures.
>
> **Exhibit 40:** Plaintiff's First Supplemental Rule 26(a) Initial Disclosures.

6. The evidentiary support of this motion also includes the Declaration of Roger Mitchell (executed on July 17, 2022). Given Plaintiff's willingness to say or do anything to save her case from dismissal, she submitted a Declaration, in which she claims to recount a telephone conversation with Roger Mitchell. According to Plaintiff, Mitchell allegedly told her that he did not request Tony Rosselli's transfer. (Plaintiff's Declaration, ¶ 13, executed on June 7, 2022 [Exhibit A to Affirmation of Michael J. Willemin, dated June 7, 2022]). Beyond offering rank hearsay of a witness not previously disclosed, the Court is respectfully referred to Mr. Mitchell's May 19, 2022 text message to Plaintiff (a text message that Plaintiff conveniently failed to provide to the Court with her June 7, 2022 Declaration):

> As much as I wish you the best outcome possible, I'd rather not speak with your lawyer as I know it will not end with a conversation. Further, **we do have different recollections on how the situation with Tony played out and not sure that will be useful to your outcome**. (emphasis added).

> **Exhibit 41:** Declaration of Roger Mitchell (executed on July 17, 2022) [with Exhibits]).

092589.00000 Business 22723919v1

7. The evidence demonstrates that there is no genuine dispute of material fact and that Defendants' are entitled to judgment as a matter of law.

8. For the foregoing reasons, the reasons set forth in my original Declaration, the affidavit of Daniel Plunkett, and for those articulated in the Memorandum of Law and accompanying Reply Memorandum of Law, Defendants respectfully requests that this Court grant Defendants' Motion for Summary Judgment in its entirety.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 26, 2022

/s/ Glen P. Doherty  
GLEN P. DOHERTY, ESQ.