# EXHIBIT 39

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

DOREEN RAIMONDI,                                            :

                                                           :      Civil Case No.: 20-cv-06566

                                    Plaintiff,             :

                    v.                                     :

                                                           :

AVAYA INC., MATTHEW LEVESQUE and                           :

DAN PLUNKETT in their individual and                       :

professional capacities,                                   :

                                    Defendants.            :
-------------------------------------------------------------------X

## PLAINTIFF'S RULE 26(a) INITIAL DISCLOSURES

Plaintiff Doreen Raimondi ("Ms. Raimondi" or "Plaintiff"), by and through her

undersigned counsel, hereby submits the following disclosures pursuant to Fed. R. Civ. P.

26(a)(1) to Defendants Avaya, Inc ("Avaya"), Matthew Levesque ("Levesque") and Dan Plunkett

("Plunkett") (collectively the "Defendants").

In making these disclosures, Plaintiff does not intend to represent affirmatively or

otherwise concede that specific information or materials disclosed will, in fact, be used to

support her claims in this matter, that any individuals identified necessarily have discoverable

information that Plaintiff may use to support her claims, or that any of the documents produced

or described are admissible or will be used by Plaintiff to support her claims. Rather, the

disclosures are made in a good faith effort to disclose all categories of documents that Plaintiff

may use to support her claims in this litigation, and persons who may have discoverable

information that Plaintiff may use to support her claims. Plaintiff expressly reserves the right to

object to the production and/or admissibility of disclosed documents or testimony on the basis of

privilege, relevance or otherwise, as appropriate.

Plaintiff has not yet engaged in discovery. The disclosures hereinafter are based on

Plaintiff's knowledge, information and belief at this time and are made without prejudice to the

foregoing and following reservations and objections. Plaintiff specifically reserves the right to amend and/or supplement her disclosures herein at any time or to introduce facts not contained herein if it should appear at any time that omissions or errors have been made or if Plaintiff obtains additional or more accurate information. Plaintiff further reserves the right to rely upon such facts, and persons having knowledge of such facts, as may be derived through future discovery or through continuing investigation in this matter or as may be adduced at trial.

**Disclosure A:** The name and, if known, the address and telephone number of each individual likely to have discoverable information that may support Plaintiff's claims, identifying the subjects of the information.

**Response to Disclosure A:**

Subject to the foregoing, and reserving Plaintiff's rights to further supplement this disclosure and/or to rely upon disclosures by Defendants, Plaintiff identifies the following individuals:

1. <u>Plaintiff Doreen Raimondi</u>
   c/o Wigdor LLP

Plaintiff Doreen Raimondi has knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint; (ii) relevant events that occurred while she was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; (iv) the discriminatory, retaliatory and harassing conduct to which she was subjected during her employment with Defendants; and (v) the damages she has suffered as a result of Defendants' unlawful conduct.

2. <u>Defendant Matthew Levesque</u>
   c/o Hodgson Russ LLP

Plaintiff believes that Defendant Matthew Levesque may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the

2

allegations as they relate to Mr. Levesque; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

3.      Defendant Dan Plunkett
        c/o Hodgson Russ LLP

Plaintiff believes that Defendant Dan Plunket may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Plunkett; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

4.      Mark Vella
        Former Vice President of Strategic Partnerships and Global Alliances

Plaintiff believes that Mark Vella may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Vella; (ii) relevant events that occurred while Plaintiff was employed by Defendants; and (iii) Defendants' personnel and employment decisions, practices and/or policies.

5.      James Taylor
        Senior Director, System Integrator Solutions

Plaintiff believes that James Taylor may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Taylor; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the

3

discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

6.    Benjamin Lee
       Former Avaya Employee

Plaintiff believes that Benjamin may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Lee; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

7.    Dawn Medina
       Avaya Employee

Plaintiff believes that Dawn Medina may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Ms. Medina; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

8.    Tony Rosselli
       Avaya Employee

Plaintiff believes that Tony Rosselli may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Rosselli; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the

4

discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

9.    Faye Tylee
      Avaya Global Head of Human Resources

Plaintiff believes that Faye Tylee may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Ms. Tylee; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; (iv) Defendants' human resources practices and/or policies; and (v) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

10.   Teresa Van De Brake
      Avaya Americas Head of Human Resources

Plaintiff believes that Teresa Van De Brake may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Ms. Van De Brake; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; (iv) Defendants' human resources practices and/or policies; and (v) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

11.   Eric Serrahn
      Avaya Senior Director

Plaintiff believes that Eric Serrahn may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Mr. Serrahn; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the

discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

12.    Yada Sok
       Avaya Employee

Plaintiff believes that Ms. Sok may have knowledge concerning, *inter alia*: (i) the allegations set forth in the Complaint, including, but not limited to, the allegations as they relate to Ms. Sok; (ii) relevant events that occurred while Plaintiff was employed by Defendants; (iii) Defendants' personnel and employment decisions, practices and/or policies; and (iv) the discriminatory, retaliatory and harassing conduct to which Plaintiff was subjected during her employment with Defendants.

13.    Persons Identified in Relevant Documents

14.    Persons Identified in Defendants' Disclosures

15.    Persons with Knowledge of the Information Identified in Disclosure B

16.    Defendants' Custodian of Records

**Disclosure B:** A copy of, or description by category and location, of all documents, electronically stored information, and tangible things that are in Plaintiff's possession, custody, or control that Plaintiff may use to support her claims.

**Response to Disclosure B:**

The parties have yet to engage in discovery and, therefore, Plaintiff is not in possession of all documents, data compilations and tangible things that may be used to support her claims. Many of the documents pertaining to Plaintiff's claims are in Defendants' possession. Subject to the foregoing, and reserving Plaintiff's right to supplement this disclosure, and to rely upon documents, data compilations and other tangible things disclosed by Defendants, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), Plaintiff identifies the following documents:

1.    Relevant communications between and among Defendants, Defendants' personnel and/or Plaintiff;

2.    Documents concerning the terms and conditions of Plaintiff's employment with Defendants, including, but not limited to, Plaintiff's personnel files, compensation structure, pay stubs, Form W-2s and performance reviews;

6

3.    Relevant employment policies, handbooks and manuals;

4.    Personnel files and other employment documents of related witnesses;

5.    Documents related to Defendants' disability and FMLA request procedures;

6.    Documents related to Plaintiff's mitigation efforts;

7.    Documents related to Plaintiff's economic damages claims;

8.    Documents related to Plaintiff's emotional distress/compensatory damages claim;

9.    Documents not yet identifiable by Plaintiff;

10.   Documents identified in Defendants' initial disclosures; and

11.   Other relevant records, documents, and data of Defendants.

**Disclosure C:** A computation of any category of damages claimed by Plaintiff, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response to Disclosure C:**

The parties have yet to engage in or complete discovery and, therefore, Plaintiff is not fully aware of the information responsive to and necessary to accurately formulate this disclosure. In addition, Plaintiff is not in possession of all documents required to calculate economic damages and such damages are subject to change prior to trial. However, subject to the foregoing, and in an effort to comply with Fed. R. Civ. P. 26(a)(1), the following are the categories of damages that Plaintiff will be seeking:

1.    Back wages in an amount to be determined at trial reflecting the amount of wages Plaintiff would have earned at Defendants had her employment not been terminated minus any amounts of work-related income, if any, she receives by the time of trial;

2.    Future lost wages in an amount to be determined at trial;

3.     An amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering and emotional distress;

4.     An amount to be determined at trial to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

5.     An award of punitive damages in an amount to be determined at trial;

6.     An amount to be determined at trial for any and all other monetary and/or non-monetary losses suffered by Plaintiff;

7.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

8.     An award of prejudgment and post-judgment interest at the legal rate under applicable law.

**Disclosure D:** For inspection and copying as under Fed. R. Civ. P. 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Disclosure D:**

Not applicable.

Dated: November 3, 2020
      New York, New York

WIGDOR LLP

By: _____
    Michael J. Willemin
    Bryan L. Arbeit

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
barbeit@wigdorlaw.com

*Counsel for Plaintiff*

8